# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DE LA CRUZ,<br><br>  Plaintiff,<br><br>  v.<br><br>WARDEN C. GIPSON, et al.,<br><br>  Defendants. | Case No. 1:14-cv-02012 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Victor De La Cruz ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 18, 2014.[1] He names as Defendants: Warden C. Gipson; Chief Deputy Warden G. Santor; Associate Wardens M. Sexton, S. Johnson, and R. S. Lambert; Correctional Captains R. Broomfield and C. Moreno; Correctional Lieutenants C. Munoz, J. Callow, and A. Cruz; Correctional Sergeants I. Bueno, D. B. Hernandez, A. Peterson, and K. Welch; First Watch Correctional Sergeants John Does; Second Watch Correctional Sergeants John Does; Third Watch Correctional Sergeants John Does; Correctional Officers A. Mendez, T. Caldwell, S. Tomlin, Maldonado, Berge, and Espinoza; First Watch Correctional Officers John Does; Second Watch Correctional Officers John Does; and Third Watch Correctional Officers John Does.

---

[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on January 15, 2015.

1

A. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action took place.

Plaintiff alleges the following. Between July 8, 2013, and August 12, 2013, all named Defendants knew Plaintiff was in Cell Number 38 on the top tier in Facility 4A, Building 2-right side (4A-2R) in the Secured Housing Unit ("SHU"). Defendants knew that the majority of the SHU inmates were on a hunger strike. This resulted in 4A-2R being used mostly for prisoners on hunger strike over 20 days. The prisoners were frail, weak, and highly at risk of contracting diseases and infections due to the hunger strike.

Between August 9, 2013, and August 11, 2013, the prisoners began to eat. This resulted in constant movement for such things as taking prisoners to the hospital for re-feeding evaluation and passing out food. On August 10, 2013, Defendants Mendez and Caldwell, acting on instructions from the warden, hosed down the day room with the emergency fire hose. This resulted in puddles of water throughout the day room that allegedly contained rust and mold from the hose, as well as floor debris and raw sewage from the floor. Plaintiff states the puddles were not swept or mopped up with germicide or citricide and allowed to air dry. Inmates complained that bursts of water went inside their cells to which Defendants replied, "Stop complaining . . . shut up . . . the warden told us to do this." Then Defendants left to attend other matters and left the puddles to air dry. The puddles remained through second watch, third watch and first watch. Defendants refused to clean and dry the puddles and/or prevent movement in the day room until the floor was completely dry.

On August 11, 2013, Plaintiff was escorted by Defendants Mendez and Caldwell for visit and re-feeding evaluation. Plaintiff was cuffed behind his back. He was led down the stairs. At the end of the stairway, there was a large puddle of water. Plaintiff stepped on the puddle and slipped backwards. Plaintiff couldn't balance himself and fell, injuring his left arm, lower back and back of his head. Plaintiff was dazed and experienced shortness of breath and excruciating pain. He was soaked with the contaminated water and tried to sit up. As he was walking out of the section door, he heard Defendant Caldwell state "The warden told us to do this," and Defendant Welch state, "I heard a loud bang and I was in the office with the door close[d]."

3

Plaintiff claims that as a result of his fall, he now suffers from sleepless nights, emotional and mental distress, a popping and cracking feeling in his left shoulder, tingling and numbing sensations, sharp pains from the left shoulder down to the arm and inside of his hand, difficulties sitting for long periods of time, headaches, lower back pain, and difficulties performing daily activities such as writing, drawing, and reading.

Plaintiff demands an award of $500,000.00 in compensatory damages, $10,000.00 in punitive damages as to each Defendant, nominal damages in the amount of $1.00, and exemplary damages in an amount determined by the jury.

C. **DISCUSSION**

   1. Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14

4

(9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217 F.3d at 731. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731.

Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

Plaintiff's facts do not support a finding that the alleged deprivation is, in objective terms, "sufficiently serious...." Id. at 834 (citing Wilson, 501 U.S. at 298). Plaintiff acknowledges that the housing tier was hosed down due to the conditions resulting from the recent hunger strike. While the water did not completely drain and left puddles on the ground that were allowed to air dry, the condition occurred only once and did not last more than a day. The various puddles on the tier do not amount to an extreme or grave condition threatening the safety of inmates.

In addition, Plaintiff does not allege that any Defendant knew of and disregarded a substantial risk of serious harm. Plaintiff states that the Defendants were aware of the puddles on the tier, but he does not allege how Defendants knew the puddles constituted a substantial risk of serious

5

harm. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that the inmate faces a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Farmer, at 837–45.

Plaintiff alleges that he was made to walk through a puddle of water causing him to fall and injure his back, arm, shoulder, and head. Plaintiff alleges no facts or exacerbating circumstances that could elevate this simple negligence claim into a federal cause of action. See Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, a slip and fall, without more, does not amount to cruel and unusual punishment .... Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." (internal quotations, brackets and citation omitted)); Frost, 152 F.3d at 1129; Farmer, 511 U.S. at 835–36 & n. 4. Plaintiff's claim against Defendants therefore does not state a constitutional violation. See, e.g., Andrillion v. Stolc, 2011 WL 2493655, at *2 & *4 (D.Ariz. 2011) (failure to provide workboots to prisoner when working in wet and slippery conditions in the kitchen resulting in prisoner slipping and falling and injuring himself failed to raise a cognizable claim for relief); Aaronian v. Fresno County Jail, 2010 WL 5232969, at *2 & *3 (E.D.Cal. 2010) (allegation that plumbing leak caused pool of water resulting in plaintiff slipping and falling does not raise cognizable conditions of confinement claim); Wallace v. Haythorne, 2007 WL 3010755, at *2–*4 (E.D.Cal. 2007) (finding no Eighth Amendment violation when prisoner fell after his foot slipped into a hole in the floor caused by a missing tile, even if defendants were aware that a non-prisoner employee had previously tripped on one of the holes).

Therefore, Plaintiff fails to state a claim for violation of the Eighth Amendment.

2.      Negligence

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

Nevertheless, the "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental

jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it." Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). Here, Plaintiff fails to present a cognizable federal claim. Plaintiff's state law claim must then also be dismissed. Id. (State law claims must be dismissed if the federal claims are dismissed for lack of subject matter jurisdiction); Parra v. PacifiCare of Ariz., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013) (citing 28 U.S.C. § 1367(c)(3)) ("[O]nce the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining state claims.").

Because Plaintiff appears pro se and has not had a prior opportunity to amend his claims, the Court recommends that the Complaint be dismissed with leave to amend. To the extent Plaintiff wishes to amend his Complaint, he should set forth specific facts to support his conditions of confinement claim. Conclusory statements of the elements of Plaintiff's § 1983 claim are insufficient. In addition, Plaintiff is notified that if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(c)(3); Parra, 715 F.3d at 1156; Herman Family Revocable Trust, 254 F.3d at 805.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 22, 2015**              /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE