UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DE LA CRUZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WARDEN C. GIPSON, et al.,<br><br>　　　　　Defendants. | 1:14-cv-02012-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER § 1983<br>(ECF No. 8.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE STRIKES" PROVISION OF 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

## I.　BACKGROUND

Victor De La Cruz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 18, 2014. (ECF No. 1.) The Court screened the Complaint under 28 U.S.C. § 1915A and issued an order on September 22, 2015, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 7.) On October 23, 2015, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (ECF No. 8.)

On January 15, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this case pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison (CSP) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation, where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants Warden C. Gipson; Chief Deputy Warden G. Santor; Associate Wardens M. Sexton, S. Johnson, and R. S. Lambert; Correctional Captains R. Broomfield and C. Moreno; Correctional Lieutenants C. Munoz, J. Callow, and A. Cruz; Correctional Sergeants I. Bueno,

D. B. Hernandez, A. Peterson, and K. Welch; First Watch Correctional Sergeants John Does; Second Watch Correctional Sergeant John Doe; Third Watch Correctional Sergeant John Doe; Correctional Officers A. Mendez, T. Caldwell, S. Tomlin, Maldonado, Berge, and Espinoza; First Watch Correctional Officers John Does; Second Watch Correctional Officers John Does; and Third Watch Correctional Officers John Does (collectively, "Defendants"), who were all employed at CSP at the time of the events at issue.  Plaintiff's factual allegations follow.

Between July 8, 2013, and August 12, 2013, all named Defendants knew Plaintiff was in Cell Number 38 on the top tier in Facility 4A, Building 2-right side (4A-2R) in the Secured Housing Unit (SHU). Defendants knew that the majority of the SHU inmates were on a hunger strike.  This resulted in 4A-2R being used mostly for prisoners on hunger strike over 20 days. The prisoners were frail, weak, and highly at risk of contracting diseases and infections due to the hunger strike.

Between August 9, 2013, and August 11, 2013, the prisoners began to eat.  This resulted in constant movement for such things as taking prisoners to the hospital for re-feeding evaluation and passing out food.

On August 10, 2013, defendants Mendez and Caldwell, acting on instructions from defendant Gipson, hosed down the day room with the emergency fire hose.  This resulted in puddles of water throughout the day room that allegedly contained rust and mold from the hose, as well as floor debris and raw sewage from the floor.  Plaintiff states the puddles were not swept or mopped up with germicide or citricide, and were allowed to air dry.  Inmates complained that bursts of water went inside their cells to which Defendants replied, "Stop complaining . . . shut up . . . the warden told us to do this."  Then Defendants left to attend to other matters and left the puddles to air dry.  The puddles remained through second watch, third watch and first watch.  Defendants refused to clean and dry the puddles and/or prevent movement in the day room until the floor was completely dry.  After Plaintiff was injured, the puddles were cleaned and dried before further movement occurred.

Plaintiff alleges that supervisory Defendants knew of a substantial risk to inmate safety because there was documented daily movement of "man downs" associated with the hunger

3

strike, requiring escorts of inmates through the puddles, but they did not order their subordinates to sanitize and dry the floors. Floor staff and other subordinate defendants were aware of the puddles and had no reasonable justification not to sanitize and dry the dayrooms. Plaintiff alleges that the emergency fire hose had never been used before to clean the floor.

On August 11, 2013, Plaintiff was escorted by defendants Mendez and Caldwell for visit and re-feeding evaluation. Plaintiff was cuffed behind his back. He was led down the stairs. At the end of the stairway, there was a large puddle of water. Plaintiff stepped on the puddle and slipped backwards. Plaintiff couldn't balance himself and fell, injuring his left arm, wrists, lower back and back of his head. Plaintiff was dazed and experienced shortness of breath and excruciating pain. He was soaked with the contaminated water and tried to sit up. As he was walking out of the section door, he heard Defendant Caldwell state, "The warden told us to do this," and Defendant Welch state, "I heard a loud bang and I was in the office with the door close[d]."

Plaintiff alleges that as a result of the violation of his constitutional rights, he suffered "actual damage, hostile environment, humiliation, fear of contracting diseases, . . . and ongoing physical pain and mental/emotional distress affecting my every day activities." (Amended Complaint (ACP), ECF No. 8 at 4 ¶13.)

Plaintiff requests monetary damages, declaratory relief, and injunctive relief.

## IV. CONDITIONS OF CONFINEMENT CLAIM – EIGHTH AMENDMENT

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman

v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of

decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217 F.3d at 731. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

## V.   PRIOR SCREENING ORDER

The Court screened Plaintiff's original Complaint and dismissed it for failure to state a claim with leave to amend on September 22, 2015.  (ECF No. 7.)  The Court provided guidance to Plaintiff on the requirements for stating a claim.  In particular, the Court provided the legal standards for a constitutional violation based on conditions of confinement.  The Court then described why Plaintiff's allegations in the Complaint failed to state a claim under these legal standards:

> Plaintiff's facts do not support a finding that the alleged deprivation is, in objective terms, "sufficiently serious...."  Id. at 834 (citing Wilson, 501 U.S. at 298).  Plaintiff acknowledges that the housing tier was hosed down due to the conditions resulting from the recent hunger strike.  While the water did not completely drain and left puddles on the ground that were allowed to air dry, the condition occurred only once and did not last more than a day.  The various puddles on the tier do not amount to an extreme or grave condition threatening the safety of inmates.
>
> In addition, Plaintiff does not allege that any Defendant knew of and disregarded a substantial risk of serious harm.  Plaintiff states that the Defendants were aware of the puddles on the tier, but he does not allege how Defendants knew the puddles constituted a substantial risk of serious harm.  A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that the inmate faces a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Farmer, at 837–45.
>
> Plaintiff alleges that he was made to walk through a puddle of water causing him to fall and injure his back, arm, shoulder, and head.  Plaintiff alleges no facts or exacerbating circumstances that could elevate this simple negligence claim into a federal cause of action.  See Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, a slip and fall, without more, does not amount to cruel and unusual punishment ....  Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." (internal quotations, brackets and citation omitted)); Frost, 152 F.3d at 1129; Farmer, 511 U.S. at 835–36 & n. 4.  Plaintiff's claim against Defendants therefore does not state a constitutional violation.  See, e.g., Andrillion v. Stolc, 2011 WL 2493655, at *2 & *4 (D.Ariz. 2011) (failure to provide workboots to prisoner when working in wet and slippery conditions in the kitchen resulting in prisoner slipping and falling and injuring himself failed to raise a cognizable claim for relief); Aaronian v. Fresno County Jail, 2010 WL 5232969, at *2 & *3 (E.D.Cal. 2010) (allegation that plumbing leak caused pool of water resulting in plaintiff slipping and falling does not raise cognizable conditions of confinement claim); Wallace v. Haythorne, 2007 WL 3010755, at *2–*4 (E.D.Cal. 2007) (finding no Eighth Amendment violation when prisoner fell after his foot slipped into a hole in the floor caused by a missing tile, even if defendants were aware that a non-prisoner employee had previously tripped on one of the holes).

///

///

      Therefore, Plaintiff fails to state a claim for violation of the Eighth Amendment.

(ECF No. 7 at 5-6.)

## VI.   ANALYSIS

Plaintiff again fails in the First Amended Complaint to allege specific facts demonstrating that Defendants knew of and disregarded a substantial risk of harm. For example, Plaintiff alleges that defendant Santor, "being aware of documented daily movement of 'Man Downs,' knew of a substantial risk to prisoners' health or safety, but did not respond reasonably," (ACP, ECF No. 8 at 7 ¶19), and that defendants Johnson, Lambert, and Sexton knew of the risk because "[i]t was obvious that they were subjectively aware of it, in spite of the risk, they allowed it," (id. ¶20.) Such allegations are vague and conclusory and therefore insufficient to state a claim. Plaintiff has not shown that any of the Defendants acted, or failed to act, while knowing of and consciously disregarding a serious risk to Plaintiff's safety. Plaintiff's claim that the Defendants negligently failed to perform their duties does not rise to the level of an Eighth Amendment claim. Therefore, Plaintiff fails to state a cognizable claim for relief under § 1983 in the First Amended Complaint against any of the Defendants.

As for Plaintiff's state law claims for negligence, violation of the California constitution, and violation of various California Government Code sections, these claims also fail, because the Court did not find any cognizable federal claims in the First Amended Complaint. Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

## VII.   CONCLUSION

The Court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by

///

amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

      Accordingly, IT IS HEREBY ORDERED that:

1. This case is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

    Dated:   **October 3, 2016**                    **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE